UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STRIKE 3 HOLDINGS, LLC,                          :
                                                 :
                      Plaintiff,                 :
                                                 :               **MEMORANDUM AND ORDER**
           - against -                           :
                                                 :               No. 20 Civ. 4501 (WFK) (VMS)
JOHN DOE subscriber assigned IP address          :
72.89.244.123,                                   :
                                                 :
                      Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Vera M. Scanlon, United States Magistrate Judge:**

In this copyright infringement case, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") moves ex parte for leave to serve a third-party subpoena on the Internet service provider of Defendant John Doe ("Defendant") pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Plaintiff seeks discovery prior to service of process and a Rule 26(f) conference in order to ascertain Defendant's identity. For the reasons set forth below, Plaintiff's motion is granted.

**I.     BACKGROUND**

Plaintiff is the copyright owner of certain "adult motion pictures." See ECF No. 1 ¶ 2. Plaintiff alleges that Defendant used an Internet-based anonymous peer-to-peer file sharing platform, BitTorrent, to illegally download 29 of Plaintiff's motion pictures and distribute them to others. See id. ¶¶ 4, 20-47; ECF No. 1-1. Plaintiff filed a complaint against Defendant alleging that Defendant violated Sections 106 and 501 of the Copyright Act. See generally ECF No. 1. Plaintiff seeks, inter alia, statutory damages, attorneys' fees and costs. See id. at 8-9.

Plaintiff has identified Defendant only through his or her IP address. See id. ¶ 15. Plaintiff moved for leave to serve a subpoena on Defendant's Internet service provider, Verizon Fios ("Verizon"). See ECF No. 7. According to Plaintiff, Verizon "is the only entity that can

1

correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address [] during the time of the alleged infringement." See ECF No. 7-3 ¶ 28. Plaintiff argues that, without early discovery to obtain Defendant's identity, Plaintiff cannot effectuate service of process on Defendant, protect its copyrights, or investigate the merits of its claims against Defendant. See ECF No. 7-1 at 2.

## II.   DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for early or expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012).

Courts in this Circuit have found reasonableness and good cause for early discovery in similar copyright cases where the plaintiff satisfies the five-factor test adopted by the Second Circuit in Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010).[1] The test adopted in

---

[1] See, e.g., Strike 3 Holdings, LLC v. Doe, No. 19 Civ. 945 (NGG) (RLM), 2019 WL 4752094, at *2-3 (E.D.N.Y. Sept. 30, 2019) (granting motion for early discovery to serve subpoena on Internet service provider where plaintiff satisfied five factors of Arista); In re Various Strike 3 Holdings, LLC Copyright Infringement Cases, No. 17 Civ. 6717 (WFK) (CLP), 2018 WL 3404142, at *2-3 (E.D.N.Y. July 11, 2018) (same); Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16 Civ. 2462 (AJN), 2016 WL 2894919, at *2-3 (S.D.N.Y. May 16, 2016) (same); Malibu Media LLC v. John Does 1-13, No. 12 Civ. 1156 (JFB) (ETB), 2012 WL 1020243, at *1-2 (E.D.N.Y. Mar. 26, 2012) (same). Other courts have applied a narrower test to a motion for early discovery. See, e.g., Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (finding good cause to issue Rule 45 subpoena prior to Rule 26(f) conference where plaintiff alleged a prima facie case of infringement and had no other way of obtaining identities of alleged infringers because 47 U.S.C. § 551(c) prevents disclosure of customers' identities); Next Phase Distribution, 284 F.R.D. at 171 (same).

Arista requires a court to consider: (i) the plaintiff's ability to make out a prima facie claim of actionable harm, (ii) the specificity of the discovery request, (iii) the absence of alternative means to obtaining the information sought in the subpoena, (iv) the need for the information sought in order to advance the claim, and (v) the defendant's expectation of privacy.  See Arista, 604 F.3d at 119 (finding that the test "constitute[d] an appropriate general standard" when weighing an infringer's First Amendment right to remain anonymous against a copyright owner's right to enforce its intellectual property interest) (citing Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004)).  Arista applied the five-factor test in the context of a John Doe defendant's motion to quash subpoena under Federal Rule of Civil Procedure 45 as opposed to a motion for early discovery under Federal Rule of Civil Procedure 26(d)(1), as is the case here.

   The Second Circuit has not yet decided whether the Arista factors apply to Rule 26(d)(1) motions for early discovery.  It appears that only the Fourth and Tenth Circuits have addressed the applicability of the Arista factors to Rule 26(d)(1) motions.  See Attkisson v. Holder, 925 F.3d 606, 639 (4th Cir. 2019) (Wynn, J., concurring in part, dissenting in part) (noting the applicability of the Arista factors to guide a court's determination of whether to allow expedited discovery to facilitate identification of an unnamed defendant); Washington v. Correia, 546 F. App'x 786, 787 (10th Cir. 2013) (holding that district court's application of the Arista test to deny plaintiff's request for early discovery to ascertain defendant's address "was reasonable").  The District of Columbia Circuit refused to "address whether Arista[] sets out an appropriate framework for analyzing [Rule 26(d)(1)] motions[.]" Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020).

A court in this District recently denied a motion for early discovery and, in doing so, questioned whether the standard articulated in Arista applied to Rule 26(d)(1) motions. See Strike 3 Holdings, LLC v. Doe, 331 F.R.D. 14, 17 (E.D.N.Y. 2019) (Orenstein, J.) ("Strike 3 I"). In Strike 3 I, the Court observed that the different standards of review under Rule 26 and Rule 45 means that the Arista factors have limited utility when deciding a motion for early discovery. See id. (noting that Rule 26 motions require finding of good cause for the requested discovery whereas Rule 45 motions require finding of undue burden on the recipient of a subpoena to quash). Instead of applying the Arista factors, the Court looked to "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances" to determine "whether there [was] good cause to exercise [its] discretion to grant an ex parte motion for expedited discovery." See id. (citation omitted) (alteration in original). Among other factors, the Court considered whether allowing early discovery would create a risk that plaintiff would coerce a settlement, burden innocent Internet service subscribers, or deter future copyright violations. See id. *18-20. The Court also considered whether early discovery in litigation truly was the only mechanism for a copyright owner to enforce its rights against infringing activity that occurred over peer-to-peer file sharing sites. See id. *20 (noting that the legislative branch should "make the policy decision about whether such expedited discovery should generally be available despite the potential burdens to [I]nternet users").

This Court agrees with the Strike 3 I Court that, when considering a motion for early discovery under Rule 26, courts may need to expand their inquiry beyond the five Arista factors. Indeed, in certain circumstances, it may be necessary for the court to consider, for example, the proportionality of the discovery request, the timing of the motion, or the diligence of the party requesting the discovery.

4

Yet, in considering the present motion in light of this observation, this Court comes to a different conclusion than the Strike 3 I Court in the context of a copyright infringement action against a John Doe defendant. First, rather than distinguishing the "good cause" analysis from the Arista test, this Court finds that the factors of Arista help a court examine the limited pre-discovery record and determine whether good cause for early discovery exists. Indeed, the Arista factors require the court to test the merits of Plaintiff's copyright claim, weigh the reasonableness of a plaintiff's discovery request, and question the necessity of the discovery request.

Second, although the Strike 3 I Court emphasized the distinction between the Rule 26 standard of good cause and the Rule 45 standard of undue burden, neither the Arista decision nor the underlying trial court's decision focused on the Rule 45 standard or whether the subpoena on defendant John Doe was "unduly burdensome." See generally Arista, 604 F.3d 110; Arista Records, LLC v. Does 1-16, No. 08 Civ. 765 (GTS) (RFT), 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009) ("Arista I"). Instead, the district court and Second Circuit were concerned more broadly with balancing a copyright owner's right to the disclosure of the identity of a potential trespasser of its intellectual property interest against a John Doe's First Amendment right to remain anonymous. See Arista, 604 F.3d at 117-19; Arista I, 2009 WL 414060, at *3. This analysis suggests that, on a Rule 26 motion for early discovery to identify a John Doe defendant or a Rule 45 motion to quash by a John Doe defendant to protect his anonymity, the need to balance the rights of the copyright owner against the rights of a John Doe defendant is paramount. Arista helps identify factors that are relevant to achieve this balance under either Rule. In fact, the balancing effort by the Court may be more necessary on a Rule 26 motion for

5

early discovery, when a John Doe defendant does not yet have notice or opportunity to protect his anonymity.

There is statutory support for permitting early Rule 26 discovery about alleged copyright violations.  Under the Cable Privacy Act of 1984, a copyright owner may pursue a court order to obtain personally-identifiable information of a subscriber from a cable operator such as Verizon.  See 47 U.S.C. § 551(c)(1) (prohibiting a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned"); 47 U.S.C. § 551(c)(2)(B) (allowing a cable operator to disclose personally identifiable information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order"); Strike 3 Holdings LLC v. Doe, No. 20 Civ. 8826 (JPO), 2020 WL 6363961, at *1 (S.D.N.Y. Oct. 29, 2020) (noting that Verizon is a "cable operator" for purposes of 47 U.S.C. § 522(5)).  The Cable Privacy Act has been applied to bridge the information gap between copyright owners like Plaintiff and Internet service providers who hold the identifying information about John Doe defendants.  See, e.g., Malibu Media, LLC v. Doe, No. 15 Civ. 4381 (JFK), 2015 WL 4923114, at *2 (S.D.N.Y. Aug. 18, 2015) (recognizing limitations under 47 U.S.C. § 522(c) and issuing court-ordered subpoena so that Internet service provider may disclose identities of John Doe defendants); Does 1-176, 279 F.R.D. at 241-42 (same).

In rejecting the plaintiff's contention that early discovery was necessary to enforce its copyright, the Strike 3 I Court instead focused the Digital Millennium Copyright Act of 1998, 17 U.S.C. §§ 512, 1201-05, 1301-32.  See Strike 3 I, 331 F.R.D. at 20.  The Court observed that the statute, "require[s] service providers to act cooperatively with rights owners, without intervention from a court, . . . to identify those ostensibly responsible for its distribution" and

6

suggested that copyright owners may not use the courts and Rule 26 to circumvent the inefficiencies and limitations of the statute. Id. (citation omitted). This Court finds an alternate reading of the interplay of the two statutes appropriate for the present case. Were a court to deny relief under the Cable Privacy Act in deference to the possible enforcement gap of the Digital Millennium Copyright Act, a John Doe defendant would be able to abuse his right to anonymity or privacy, even though the Second Circuit has noted that, "to the extent that anonymity is used to mask copyright infringement [], it is unprotected by the First Amendment." Arista, 604 F.3d at 118. The Digital Millennium Copyright Act did not take away a copyright owner's right to enforce its copyright. "The [Digital Millennium Copyright Act] 'did not simply rewrite copyright law for the on-line world.' . . . [it] merely added a second step to assessing infringement liability for Internet service providers, but is otherwise irrelevant to determining what constitutes a prima facie case of copyright infringement[.]" Strike 3 Holdings, LLC v. Doe, No. 18 Civ. 2674 (NLH) (JS), 2020 WL 3567282, at *2 (D.N.J. June 30, 2020) (citing CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 553 (4th Cir. 2004)).[2]

      This Court finds that a Rule 26(d)(1) motion should be analyzed in light of the reasonableness and good cause standard incorporating the Arista factors and mindful of the protection afforded by the Cable Privacy Act. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 19 Civ. 7256 (WFK) (CLP) (E.D.N.Y. Oct. 7, 2020), ECF No. 13 (applying Arista factors to plaintiff's motion for expedited discovery prior to Rule 26(f) conference); Strike 3 Holdings,

---

[2] It may be more efficient for Congress to update the Digital Millennium Copyright Act to remedy copyright concerns with peer-to-peer file sharing technology, but, until then, a copyright owner has the statutory and constitutional right to enforce its copyright in court. Plaintiff has already tried to enforce its copyright under the Digital Millennium Copyright Act by sending on average 50,000 notices a month to Internet service providers to bar repeat offenders from using their services, but that effort has not stopped the violations from occurring. See ECF No. 7-2 ¶ 31.

LLC v. Doe, No. 20 Civ. 1529 (RA), 2020 WL 2115211, at *1 (S.D.N.Y. May 4, 2020) (same); UN4 Prods, Inc. v. Doe – 173.68.177.95, 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) ("As plaintiff correctly notes, the [Arista] factors are considered by courts deciding whether to permit a party in a copyright infringement case to take limited discovery before participating in a Rule 26(f) conference.") (collecting cases); In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 87 (E.D.N.Y. 2012) ("[P]laintiffs correctly note that the [Arista] test is also instructive in evaluating the motions for early discovery."); see also Strike 3 Holdings, LLC v. Doe, No. 19 Civ. 5818 (AT) (JLC), 2019 WL 5459693, at *3 (declining to follow holding of Strike 3 I, 331 F.R.D. 14).

### B. Analysis

The Arista factors weigh in favor of granting Plaintiff's motion for early discovery. First, Plaintiff has established a prima facie case of copyright infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." Urbont v. Sony Music Entm't, 831 F.3d 80, 88 (2d Cir. 2016). Plaintiff's complaint adequately describes the copyrighted works at issue, namely 29 motion pictures featuring adult content, and its ownership of such copyrighted works. See Complaint ¶¶ 1-4. Plaintiff alleges that it used a copyright infringement detection system, "VXN Scan," to discover Defendant's use of the BitTorrent file-sharing platform to illegally download and distribute Plaintiff's motion pictures. See Complaint ¶¶ 30-31, 40; ECF No. 1-1. To that end, Plaintiff provides a list detailing the exact dates and times of Defendant's alleged infringement and the corresponding hash values for uniquely identifying the metadata for Plaintiff's infringed works. See ECF No. 1-1; Complaint ¶¶ 23-26. Plaintiff's prima facie allegations of infringement are attested to by Patrick Paige, Plaintiff's computer forensics

8

investigator, see ECF No. 7-3, and Susan Stalzer, Plaintiff's employee, see ECF No. 7-4. Therefore, the first factor weighs in favor of Plaintiff.

Second, Plaintiff seeks specific and narrow information. To satisfy the second Arista factor, a plaintiff must seek "concrete and narrow information: the name and address of the subscriber associated" with the IP address being used to commit the alleged infringement. John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 190 (S.D.N.Y. 2012); see, e.g., Strike 3 Holdings, LLC, 2019 WL 4752094, at *2 ("Plaintiff has made a request for discovery that is sufficiently specific, asking for Optimum to provide only Defendant's name and physical address."); Strike 3 Holdings, LLC v. Doe, No. 1:18 Civ. 5590 (AJN), 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018) (finding that the second factor weighs in favor of plaintiff where plaintiff only sought true name and permanent address of John Doe defendant). Here, Plaintiff seeks leave to serve a subpoena on Verizon requesting only the name and address associated with the IP address used by Defendant to allegedly violate Plaintiff's copyright: 72.89.244.123. See ECF No. 7-5. This Court agrees that Plaintiff is not asking for more information than is necessary to identify and serve Defendant. Therefore, the second factor also weighs in favor of Plaintiff.

Third, this Court agrees that there are no alternative means to ascertain Defendant's name and address. Plaintiff contends that it can only identify Defendant through his or her IP address because BitTorrent is a "largely anonymous" platform that only reveals a user's IP address. See ECF No. 7-1 at 7-8. Plaintiff also contends that the only entity that can correlate the IP address to its subscriber and identify the Defendant is an Internet service provider like Verizon. See id. (quoting BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 881 F.3d 293, 299 (4th Cir. 2018)). According to Plaintiff, Verizon cannot disclose identities of an IP address's subscriber

9

without a court order because of a statute protecting subscriber privacy. See id. (discussing 47 U.S.C. § 551(c)); 47 U.S.C. § 551(c) ("[A] cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator. A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order[.]"). Plaintiff has established that it can only obtain Defendant's name and address through a subpoena of Verizon. Therefore, the third factor similarly weighs in favor of Plaintiff.

Fourth, for similar reasons, Plaintiff demonstrated that a subpoena on Verizon is necessary to pursue this litigation. As argued by Plaintiff, without Defendant's name and address, Plaintiff cannot properly effectuate service of process or determine whether Defendant is a proper party to this action. See ECF No. 7-1 at 8; Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process."). Thus, the fourth factor weighs in favor of Plaintiff.

Fifth, Defendant's expectation of privacy will be protected. Courts in this Circuit have held that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." Malibu Media, LLC v. John Does 1-11, No. 12 Civ. 3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) (citing Arista, 604 F.3d at 118)). Yet, this Court is sensitive to the fact that the subject matter of this litigation may cause Defendant unnecessary embarrassment. In order to balance Plaintiff's need for discovery against Defendant's right to anonymity, this Court issues a protective order to protect Defendant. See Strike 3 Holdings, 2019 WL 4752094, at *3 ("[A] protective order is particularly appropriate in BitTorrent copyright infringement cases

10

involving adult films (and especially in cases involving Strike 3) because few of these cases move beyond the filing of a complaint and granting of a motion for expedited discovery."); Strike 3 Holdings, 2019 WL 340712, at *3 (finding good cause to issue protective order where "substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'") (quoting Fed. R. Civ. P. 26(c)(1)).

The provisions of protective order address many of the other concerns raised in Strike 3 I. See 331 F.R.D. at 18-20. To counteract a risk that Plaintiff would coerce a settlement against Defendant, the protective order prohibits Plaintiff from initiating any settlement discussions without leave of Court. To avoid any unnecessary burden to Verizon, the protective order provides ample time for Verizon to identify and serve Defendant and allows Verizon to seek the costs of complying with the subpoena from Plaintiff. The protective order also protects Defendant from any potential embarrassment or reputational harm that may arise from misidentification or the subject matter of the copyright by allowing Defendant to litigate this action anonymously.

Other considerations also tip the balance in favor of granting Plaintiff's motion for early discovery. Plaintiff here used diligence to identify Verizon as the Internet service provider that owned Defendant's IP address at the time of infringements. See ECF No. 7-4 ¶ 12. By confirming that Verizon owns Defendant's identifying information, Plaintiff has shown that a subpoena to Verizon is reasonable and would not unduly burden the Internet service provider with a fishing expedition. Plaintiff has also shown that Defendant has infringed Plaintiff's copyrighted works on multiple occasions over a long period of time. See ECF No. 1-1. Indeed, Defendant's first infringement occurred in December 2018 and has continued through July 2020 for 29 digital media files. See id. These facts also support a finding of good cause for early

11

discovery: to serve process, to notify Defendant of Plaintiff's claims, and to deter Defendant from further infringing activities using the protection of the Internet.

The circumstances presented in this case weigh in favor of granting Plaintiff's motion for early discovery.

### III. CONCLUSION

This Court hereby grants Plaintiff's motion for leave to serve a Rule 45 subpoena on Verizon to obtain Defendant's name and address. Plaintiff's motion is granted, but this Court also orders the protective conditions set forth below. Failure to comply with any of these conditions may result in an award of sanctions.

1. Defendant may proceed anonymously as "John Doe" in this case unless and until the Court orders otherwise.
2. Plaintiff shall not initiate settlement discussions, or attempt to contact Defendant prior to service of the Complaint, without leave of Court. If Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.
3. Plaintiff may immediately serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena") on Verizon Fios to obtain only the name and address of the Internet subscriber(s) associated with the IP address: 72.89.244.123. Plaintiff may not seek or obtain the subscriber's phone number or email address, or seek or obtain information about potential defendants other than the subscriber who is associated with the IP address 72.89.244.123 without a further court order. The Subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."
4. Verizon Fios will have 60 days from the date of service of the Rule 45 Subpoena upon them to ascertain the name and address of the subscriber(s) associated with the IP

12

address 72.89.244.123 and to serve the subscriber(s) with copies of: (1) the Subpoena; (2) the "Notice to Defendant"; and (3) this Order. Verizon Fios may serve the subscriber(s) associated with the IP address 72.89.244.123 by written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service. The papers shall be enclosed in an envelope in the following order: (1) the Subpoena; (2) the "Notice to Defendant"; and (3) this Order. Service shall be deemed complete three days after mailing.

5. Verizon Fios shall file a proof of service on the docket in this case within 10 days of mailing the documents to the subscriber(s) associated with the IP address 72.89.244.123. Verizon Fios shall redact the name and address of the subscriber(s) associated with the IP address 72.89.244.123 from the proof of service filed on the public docket. The unredacted copy of such proof of service shall be filed ex parte under seal with access only to Verizon Fios and the Court.

6. Defendant shall have 60 days from service of the Subpoena, this Order and "Notice to Defendant" upon him or her to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the subpoena).

7. Verizon Fios shall not turn over the subscriber(s)' identifying information to Plaintiff before the expiration of 60-day period after completion of service. If Defendant or Verizon Fios files a motion to quash or modify the Subpoena, Verizon Fios shall not turn over any information to Plaintiff until the motion(s) have been decided by the Court and unless the Court issues an order instructing Verizon Fios to produce the requested discovery. Verizon Fios shall preserve any subpoenaed information pending the resolution of any timely filed motions challenging the Subpoena.

8. If the 60-day period lapses without Defendant or Verizon Fios contesting the Subpoena, Verizon Fios shall have 10 days to produce the information responsive to the Subpoena to Plaintiff's counsel for "Attorneys' Eyes Only" review. Verizon Fios shall provide a written statement to Plaintiff's counsel confirming compliance with this Order, which Plaintiff's counsel shall then file under seal with the Court. Any information produced by Verizon Fios will be limited to review on an "Attorneys' Eyes Only" basis and shall not be disclosed to Plaintiff, its employees or agents.

9. Should Defendant appear in this action by contacting Plaintiff's counsel, filing a response to the complaint, or otherwise, Plaintiff may submit a letter request to change the designation of information produced by Verizon Fios from "Attorneys' Eyes Only" to "Confidential." Any information disclosed to Plaintiff in response to the Subpoena under this Order may only be used for the purpose of protecting Plaintiff's rights as set forth in its Complaint and only for this action, and no other purpose, including, but not limited to, future litigation against the same Defendant, unless otherwise ordered by the Court.

10. If Defendant moves to quash the subpoena or to proceed anonymously, Defendant shall, at the same time as any such filing, also notify Verizon Fios so that Verizon Fios is on notice not to release any of Defendant's information to Plaintiff until the Court rules on the motions.

11. Verizon Fios shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena if permitted by the Court. Should Verizon Fios elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

12. Plaintiff's time to serve Defendant pursuant to Fed. R. Civ. P. 4(m) is extended to either thirty days after the expiration of the period within which Defendant or Verizon Fios may move to quash or modify the subpoena, or until thirty days following the denial of any such motion.

Dated: Brooklyn, New York
      February 12, 2021

                                                ____*Vera M. Scanlon*____
                                                      VERA M. SCANLON
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STRIKE 3 HOLDINGS, LLC,                       :
                                              :
                       Plaintiff,             :
                                              :       No. 20 Civ. 4501 (WFK) (VMS)
            - against -                       :
                                              :
JOHN DOE subscriber assigned IP address       :
72.89.244.123,                                :
                                              :
                       Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**NOTICE TO DEFENDANT**

1.  You are a Defendant in the above-captioned case, <u>Strike 3 Holdings, LLC v. John Doe</u>, No. 20 Civ. 4501 (WFK) (VMS), a case now pending in the United States District Court for the Eastern District of New York.

2.  Attached is the Order of the Honorable Vera M. Scanlon, United States Magistrate Judge, dated February 12, 2021, which sets forth certain deadlines and procedures related to this case.

3.  You may hire a lawyer to represent you in this case or you may proceed "pro se" (that is, you may represent yourself without the assistance of a lawyer). If you choose to represent yourself, you may request information about the case from the Clerk's Office of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, which may be reached at (718) 613-2610.

4.  Plaintiff in this case, Strike 3 Holdings, LLC, has filed a court action against you claiming that you illegally downloaded and distributed adult movies via your Verizon Fios computer connection.

5. Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. Plaintiff has served subpoena(s) requesting your identity and contact information from your Internet Service Provider ("ISP"), Verizon Fios. If you do not want your ISP to provide this information to Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena with the Clerk's Office. This must be done within 60 days of the date that you were served with the subpoena and notice from your ISP that you may be the target of the subpoenaed information in this case.

7. If you wish to take action, you should review the Court's Order which is enclosed. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to Plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to provide your contact information to the Clerk's Office at the Court. This information is solely for use by the Court and the Court will not provide this information to Plaintiff or lawyers for Plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the case.

8. If you do not move to quash or modify the subpoena, you do not need to take action at this time. It may be that Plaintiff will continue this action against you by serving a complaint on you. At that time, you will need to take action in response to the Complaint as provided by federal law and the Federal Rules of Civil Procedure.

9. Even if you do not file a motion to quash or modify the subpoena, the Court has ordered that you may still proceed in this case anonymously at this time. This means that the

Court and Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

        10.     If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter to the Clerk's Office stating that you would like to proceed anonymously in your case.  This must be done within 60 days of the date that you were served with notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case number in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.